IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKY ALLEN DYISE,       ) | |
|    ID # 17023190,       ) | |
|       Plaintiff,       ) | |
| vs.       ) | No. 3:17-CV-947-G-BH |
|       ) | |
| NFN STINSON #8656, et al.,       ) | |
|       Defendants.       ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

The plaintiff initially filed this action against several defendants on April 4, 2017, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 2, 3.) At the time that he filed this action, he was a prisoner subject to the Prison Litigation Reform Act (PLRA). On April 7, 2017, he was granted leave to proceed IFP, and the Court sent him a questionnaire to obtain more information about his claims. (*See* docs. 5, 6.) The questionnaire specifically advised him that his answers to the questions were due within thirty days, and that a failure to timely file his answers could result in the dismissal of the case. (doc. 6.) He requested and received two extensions of time to file his answers, but failed to answer by the latest deadline, June 19, 2017. (*See* docs. 8, 9, 10, 11.)

On June 22, 2017, the plaintiff filed a notice of change of address that showed he was no longer in jail or any prison facility. (*See* doc. 13.) By orders dated June 23, 2017, he was granted another extension of time to file his answers to the questionnaire based on his change of address, and he was notified that he was required to pay the outstanding filing fee in full because he was no

longer in custody. (*See* docs. 14, 15.) Both orders specifically advised the plaintiff that the fee and his answers to the questions were due within fourteen days, and that a failure to timely comply with the orders could result in the dismissal of the case. (*Id.*) More than fourteen days from the date of those orders have passed, but the plaintiff has not paid the filing fee or filed his answers or anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the orders that he pay the filing fee and file his answers to the questionnaire within fourteen days, despite warnings that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff pays the filing fee and files his answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 21st day of July, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3